UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN B. HARPER,<br>　　　　Petitioner,<br>　　v.<br>KEVIN CHAPPELL,<br>　　　　Respondent. | Case No. 14-cv-04151-JCS (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner seeks federal habeas relief from a decision resulting from a prison disciplinary proceeding conducted by his jailors at San Quentin State Prison.[1] The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Respondent shall file an answer or dispositive motion in response to the habeas petition on or before April 14, 2015, unless an extension is granted.

## BACKGROUND

According to the petition, in 2012, petitioner's jailors at San Quentin State Prison found petitioner guilty of possession of contraband alcohol. As a result, he had to forfeit 120 days of time credits.

---

[1] Petitioner has consented to magistrate judge jurisdiction. (Pet. at 7.) The magistrate judge, then, has jurisdiction to issue this order, even though respondents have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties).

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that he was denied due process (1) at his disciplinary hearing, and (2) during his appeal of the disciplinary decision through the prison grievance system. Liberally construed, these claims are cognizable on federal habeas review.

His remaining claims are not. Petitioner's claim that his jailors failed to follow California regulations is DISMISSED because it is a state law claim. Federal habeas relief is unavailable for violations of state law, even if state law were erroneously applied or interpreted. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011). To the extent that petitioner raises a claim of First Amendment denial of access to the courts, it is DISMISSED without prejudice. If petitioner wishes to seek relief on such a claim, he may do so by filing a civil rights action.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

1    not be granted based on petitioner's cognizable claims.  Respondent shall file with the
2    answer and serve on petitioner a copy of all portions of the state trial record that previously
3    have been transcribed and that are relevant to a determination of the issues presented by
4    the petition.

5        3.  If petitioner wishes to respond to the answer, he shall do so by filing a traverse
6    with the Court and serving it on respondent's counsel within thirty (30) days of the date the
7    answer is filed.

8        4.  In lieu of an answer, respondent may file, within ninety (90) days of the date this
9    order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
10   Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent
11   files such a motion, petitioner shall file with the Court and serve on respondent an
12   opposition or statement of non-opposition within thirty (30) days of the date the motion is
13   filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen
14   (15) days of the date any opposition is filed.

15       5.  Petitioner is reminded that all communications with the Court must be served on
16   respondent by mailing a true copy of the document to respondent's counsel.

17       6.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
18   Court and respondent informed of any change of address and must comply with the
19   Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this
20   action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

21       7.  Upon a showing of good cause, requests for a reasonable extension of time will
22   be granted provided they are filed on or before the deadline they seek to extend.

23       8.  The Court notes that the filing fee has been paid.

24   **IT IS SO ORDERED.**

25   Dated:  January 13, 2015

26                                                                          JOSEPH C. SPERO
27                                                     United States Magistrate Judge
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN B. HARPER,<br><br>   Plaintiff,<br><br>  v.<br><br>KEVIN CHAPPELL,<br><br>   Defendant. | Case No. 14-cv-04151-JCS<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on 1/13/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ruben B. Harper ID: K-08936
San Quentin State Prison
1 Main Street
San Quentin, CA 94974


Dated: 1/13/2015

                Richard W. Wieking
                Clerk, United States District Court

                By: *Karen L. Hom*
                Karen Hom, Deputy Clerk to the
                Honorable JOSEPH C. SPERO